IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TRAVAN HUGHES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 10-cv-987-DRH |
| U.S. MARSHALS SERVICE and ATTORNEY GENERAL OF THE STATE OF ILLINOIS, | ) |  |
| Respondents. | ) |  |

## ORDER

**HERNDON, Chief Judge:**

Petitioner, currently a federal detainee in the Alton Law Enforcement Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his 2002 Madison County conviction for unlawful distribution of a look-alike substance. The basis for petitioner's claim that his conviction was unconstitutional is that the prosecutor failed to sign the indictment (Doc. 1, p. 7), making it insufficient to confer subject matter jurisdiction on the court that convicted him.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

According to the instant habeas petition, petitioner pled guilty to the distribution charge in Madison County Case Number 02-CF-1628, and on July 26, 2002, he was sentenced to two years probation. Petitioner's sentence has long since been discharged, and according to his petition, he never filed an appeal nor did he seek post-conviction relief. His petition states that the statute of limitations barred him from pursuing those remedies.

Petitioner filed the instant action on December 7, 2010. Aside from the fact that petitioner's claim is of questionable merit, given that he pled guilty to the offense, his petition is untimely. Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner has a one year period in which to file a writ of habeas corpus. The limitations period applicable here shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the *expiration of the time for seeking such review*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In this instance, petitioner's one year period began to run thirty days after the date of his July 26, 2002, judgment of conviction, which would have been the deadline to file a notice of appeal. Ill. Sup. Ct. R. 606(b); 604(d). Petitioner never filed an appeal. Thus, petitioner had until August 26, 2003, to file his writ of habeas corpus. Petitioner waited until December 7, 2010, to file his writ, well outside of the applicable statute of limitation.

In summary, because the petition was filed outside the applicable limitation period, petitioner's action does not survive review under Rule 4. Accordingly, this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Signed this 28th day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.28 13:17:37 -05'00'

**Chief Judge
United States District Court**